UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DON C. WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:08-cv-01384-DFH-DML |
| ) | |
| SHERIFF GEORGE SHERIDAN, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Concerning Selected Matters**

**I.**

The plaintiff's request to proceed *in forma pauperis* is **granted.** No assessment of an initial partial filing fee is feasible at this time, although the plaintiff remains responsible for the payment of the fee.

**II.**

The plaintiff, Don Corneal Watson, filed this civil rights complaint naming Delaware County Sheriff George Sheridan as the sole defendant. Watson alleges "medical neglect (malpractice) treatment of chlymidia [sic] and eye strain. No optomitrist [sic] readers or eye wash provided." He states that he has not exhausted his administrative remedies and seeks money damages.

On January 2, 2009, Watson submitted a supplement to his complaint, which alleges the following:

- a. he "shares an ice container with people who are H.I.V. positive and have staph";

- b. the Delaware County Jail does not provide envelopes or postage stamps to offenders free of charge;

- c. the Delaware County Jail does not provide newspapers to offenders;

- d. the commissary kiosk service fee is $2.75 while banks charge $2.00 for ATM service;

    e.    the law library was cancelled due to overcrowding;

    f.    indigent kits containing toothpaste, deodorant, and envelopes are sold to inmates and not issued as at other jails;

    g.    commissary soups, including Ramen Noodles, are marked up approximately 800%;

    h.    cups and sporks used by infected people are distributed among all the inmate population; and

    i.    people are breaking out using half washed linen.

### III.

Because Watson is an inmate at the Edinburgh Correctional Facility, his complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). A complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

### IV.

As submitted, the complaint is insufficient and subject to dismissal pursuant to 28 U.S.C. § 1915(a).

    A.    First, Sheriff Sheridan is **dismissed** from this action, because there is no allegation of wrongdoing on his part. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see Black v. Lane*, 22 F.3d 1395, 1401 and n.8 (7th Cir. 1994)(district court properly dismissed complaint against one defendant when the complaint alleged only that defendant was charged with the administration of the institution and was responsible for all persons at the institution).

    B.    Second, Rule 8(a) of the *Federal Rules of Civil Procedure* requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought by the pleader. In this case, the complaint does not contain any statement of this court's jurisdiction or a claim showing that the pleader is entitled to relief.

**V.**

The plaintiff shall have **through February 27, 2009,** in which to file an amended complaint which complies with Rule 8(a) as described above. The plaintiff is **notified** that the amended complaint will completely replace and supersede the original complaint. *Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999).

If an amended complaint is filed, it will be screened as required by 28 U.S.C. § 1915A, whereas if no amended complaint is filed as directed herein the action will be dismissed without further notice to the parties.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date:   2/17/2009

Distribution:

Don C. Watson
DOC #991044
Edinburgh Correctional Facility
P. O. Box 470
Edinburgh, IN 46124